UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAKUR D. GANNAWAY,

                Petitioner,

-against-

THE PEOPLE OF NEW YORK, NY,

                Respondent.

1:21-CV-10314 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    By order and judgment dated December 6, 2021, and entered the next day, the Court dismissed this *pro se* action without prejudice as duplicative. On December 28, 2021, the court received the following submissions from Petitioner: (1) an "objection to[] the order of dismissal"; (2) a motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure; and (3) a notice of appeal. (ECF 4-6.)

    The Court liberally construes Petitioner's "objection to[] the order of dismissal" as a motion: (1) to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"), (2) for reconsideration under Local Civil Rule 6.3, and (3) for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). For the reasons set forth below, the Court denies Petitioner's motions.

## DISCUSSION

**A.   Motion for an extension of time to file a notice of appeal**

A litigant has 30 days from the entry date of the order or judgment he wishes to challenge to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). On December 7, 2021, the Clerk of Court entered the order and judgment dismissing this action. Thus, Petitioner had 30 days from that date, or until January 6, 2022, to file a timely notice of appeal. Petitioner, who is currently incarcerated, submitted his notice of appeal for mailing from his prison on or about December 20, 2021 (the postmark date on the envelope in which the notice of appeal was contained), and the court received the notice of appeal on December 28, 2021. Petitioner's notice of appeal is therefore timely. Accordingly, the Court denies Petitioner's motion for an extension of time to file a notice of appeal as unnecessary.

**B.   The Court has jurisdiction to consider Petitioner's motion for relief under Rules 59(e) and 60(b)**

Because Petitioner has filed a notice of appeal, the Court must address whether it has jurisdiction to consider Petitioner's motion for relief under Rules 59(e) and 60(b). Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Under the Federal Rules of Appellate Procedure, however, if a party: (1) files a timely Rule 59(e) motion,[1] or files a Rule 60 motion within 28 days of the entry date of the challenged judgment, *see* Fed. R. App. P. 4(a)(4)(A)(iv), (vi); and (2) files a notice of appeal before the district court

---

[1] A Rule 59(e) motion must be filed within 28 days of the entry date of the challenged judgment. Fed. R. Civ. P. 59(e).

disposes of that motion, then the notice of appeal does not become "effective" until after the district court rules on that motion, *see* Fed. R. App. P. 4(a)(4)(B)(i).

The Clerk of Court entered the order and judgment dismissing this action on December 7, 2021. Thus, even though Petitioner filed a timely notice of appeal, he had until January 4, 2022, to file a Rule 59(e) or Rule 60 motion that the Court has jurisdiction to consider. The court received Petitioner's motion on December 28, 2021. Accordingly, the Court has jurisdiction to consider the motion. *See id.*

**C.     Relief under Rule 59(e) and Local Civil Rule 6.3**

The standards governing Rule 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509; *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) ("[A] motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.") (internal quotation marks and citations omitted).

Petitioner has failed to demonstrate in his motion that the Court overlooked any controlling decisions or factual matters with respect to the dismissal of this action. The Court therefore denies Petitioner relief under Rule 59(e) and Local Civil Rule 6.3.

**D.     Relief under Rule 60(b)**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Petitioner's arguments, and even under a liberal interpretation of his motion, Petitioner has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. The Court therefore denies Petitioner relief under Rule 60(b)(1) through (5).

To the extent that Petitioner seeks relief under Rule 60(b)(6), the Court also denies such relief. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (citation omitted). Petitioner has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court therefore denies Petitioner relief under Rule 60(b)(6).

## CONCLUSION

The Court denies Petitioner's motion for an extension of time to file a notice of appeal (ECF 4) as unnecessary because Petitioner's notice of appeal is timely. The Court construes Petitioner's "objection to[] order of dismissal" (ECF 6) as a motion for relief under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, as well as for relief under Local Civil Rule 6.3, and the Court denies that motion as well.

The Court directs the Clerk of Court to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:   January 5, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge